United States District Court
Southern District of Texas
**ENTERED**
June 28, 2023
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:22-cv-264

SAVE R HOOD, INC., *PLAINTIFF*,

v.

GALVESTON COUNTY, *ET AL.*, *DEFENDANT*.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The defendants—Galveston County and the City of Galveston—have moved to dismiss the plaintiff's first amended complaint. Dkts. 36, 37. The court grants the motion.

## I. Background

This lawsuit generally involves real property—Lot 11 on block 387 in the City of Galveston—owned by the plaintiff, Save R Hood, Inc. Dkt. 32 ¶ 15. In 2008, the defendants sued Save R Hood in state court to seize and sell Lot 11 for unpaid taxes. *Id.* ¶ 12, 14–15. The defendants served Lot 11's agent, who

responded with an answer on behalf of Lot 11's owner. Dkt. 36 at 42–45.[1] About one month later, the district court entered judgment in the defendants' favor, finding Save R Hood to be delinquent in payment of property taxes and granting the defendants the right to seize and sell the property. Dkt. 32 ¶¶ 14–15; *see also* Dkt. 36 at 46–48.

In January 2010, the county hosted a sheriff's sale of Lot 11, during which no bids were placed. Dkt 36 ¶ 7; *see also id.* at 65–74. As a result, the city struck off Lot 11 and became its owner of record.[2] Dkt. 36 ¶¶ 7—8; *see also id.* at 60—61. Eleven months later, Save R Hood paid the due taxes and fees and invoked its statutory right of redemption. Dkt. 32 ¶ 18; *see also* Dkt. 36 at 75—76. Consequently, the property should have reverted to state of ownership before the 2010 sale, meaning that Lot 11 should have reverted to Save R Hood. Dkt. 32 ¶¶ 18–19.

The certificate of redemption was not recorded, however, for over ten years—until July 2020. *See* Dkt. 36 at 52. Due to this error, the county held

---

[1] The court may consider "matters of public record," including underlying pleadings and filings from other cases, when deciding a motion under Fed. R. Civ. P. 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). The court does so here for the tax-lien foreclosure in the 212th Judicial District Court in Galveston County.

[2] "Striking off" refers to a situation where no one places a bid on the property, so the title goes to the taxing entity. Tex. Tax Code 34.01(j), (p).

a second sheriff sale in June 2015. Dkt. 32 ¶ 22. The county sold Lot 11 at auction to 2013 Place, LLC. *Id.* The defendants did not discover this mistake until 2020, when they filed two identical petitions to vacate the sheriff's sale. *Id.* ¶ 26. The district court granted the petitions and ordered that Lot 11 be "restored in the form record title holder." *Id.* ¶ 37.

In July 2022, Save R Hood sued the defendants in this court. Dkt. 1. In its amended complaint, Save R Hood asserts general takings and due-process violations based on the Fifth and Fourteenth Amendments and the Texas Constitution pursuant to 42 U.S.C. § 1983. Dkt. 32 ¶¶ 68–81. The defendants now move to dismiss the claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkts. 36, 37.

## II. Legal Standard

### A. Rule 12(b)(1)

"The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Keyes v. Gunn*, 890 F.3d 232, 235 (5th Cir. 2018) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). A court should grant a motion to dismiss for lack of subject-matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate the case." *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021) (quoting *Home Builders Ass'n of Miss., Inc. v. City*

*of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The party asserting jurisdiction bears the burden of proof. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017).

To test whether the party asserting jurisdiction has met its burden, a court may rely upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

### B. Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Id.* In reviewing the pleadings, a court accepts all well-pleaded facts as true, "construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021) (citing *Heinze v.*

*Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)). But the court does not accept "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

**III. Analysis**

Save R Hood argues that the defendants violated its constitutional rights in two ways. First, Save R Hood alleges a taking because its tax debt was satisfied after the 2010 redemption. Dkt. 32 ¶ 44 Any action not consistent with Save R Hood owning and possessing Lot 11 by the defendants—the 2015 sale and eventual demolition of the property—is a potential uncompensated taking. Dkt. 32 ¶ 57. Second, Save R Hood contends that it received no notice from the defendants until 2022 when the defendants initiated another suit to recover property taxes. *Id.* ¶¶ 58, 60. The defendants have separately moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkts. 36,37. The court grants both motions.[3]

---

[3] This decision is premised on the jurisdictional and statute-of-limitations arguments—the court has no jurisdiction over the claims concerning the defendants' pre-redemption conduct and those concerning their post-redemption conduct are time-barred. Accordingly, the court need not address the defendants' other arguments on res judicata and collateral estoppel.

## A. Subject-Matter Jurisdiction

Both defendants contend that the court lacks subject-matter jurisdiction over Save R Hood's claims under the Tax Injunction Act ("TIA"). Dkts. 36 at 14–18; 37 ¶ 11. The TIA withholds federal jurisdiction over any suit to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. It applies with "full force to taxes 'imposed by municipalities.'" *Hammonds v. Dallas County*, 815 F. App'x 787, 787 (5th Cir. 2020) (per curiam) (quoting *Home Builders Ass'n*, 143 F.3d at 1010 n.6). This is because the TIA was enacted to broadly prevent the federal government from interfering with state functions such as the administration of state tax systems. *McDonald v. Longley*, 4 F.4th 229, 242 (5th Cir. 2021). Consequently, the Fifth Circuit has "consistently applied" the TIA to bar challenges in federal court to the sale of homes to satisfy a tax debt. *Hammonds*, 815 F. App'x at 788.

Construing its pleading in the light most favorable to the plaintiff, Save R Hood alleges two separate sets of violations—(1) conduct resulting in the 2010 sale and statutory right of redemption, and (2) conduct following the redemption. The first set of claims all stem from a sheriff's sale in 2010. *See* Dkt. 32 ¶¶ 11–21. Under Fifth Circuit precedent, a sheriff's sale of foreclosed

properties for delinquent taxes[4] has been upheld as part of "collecting" taxes within the meaning of the TIA. *Hammonds*, 815 F. App'x at 788. Because the 2010 sale and Save R Hood's redemption directly relates to the collection of taxes, it falls under the TIA. Thus, the court does not have subject-matter jurisdiction over these claims.

The conduct following the redemption, on the other hand, does not fall under the jurisdictional bar set by the TIA. The Supreme Court has held the TIA applies when a federal suit is used as a vehicle to avoid paying state taxes. *Hibbs v. Winn*, 542 U.S. 88, 107 (2004). Furthermore, the analogous law for actions seeking to enjoin the collection of federal taxes, the Anti-Injunction Act, allows for suits challenging the assessment, levy, or collection of taxes after the tax has been paid. *Courtney v. United States*, No. 22-60131, 2022 WL 4078240, at *4 (5th Cir. Sept. 6, 2022). This is because the taxation process has a starting point—the assessment of taxes—and an ending point—when the taxes have been collected. *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 7 (2015) (holding causes of action that are not brought to restrain the

---

[4] Save R Hood has pleaded as an alternative theory that it paid its taxes before the 2010 sale date. Dkt. 32 ¶ 18. However, its certificate of redemption plainly contradicts this allegation. Dkt. 36 at 75. Taking its pleadings as true, the court finds that Save R Hood exercised its right to redemption and tendered its unpaid taxes after the 2010 sale. *Id.*

assessment, levy, and collection of taxes are not barred by the TIA).

In *Brohl*, the Supreme Court held that a Colorado statute requiring lists of names, known addresses, and the amounts each Colorado customer paid was information collection and was a separate process that occurred before the assessment, levy, and collection of taxes and is not subject to the TIA jurisdictional bar. *Id*. The Court defined the collection of taxes as payment and other methods of tax collection, such as liens, distraint, and forfeiture. *Id*. at 10. Applying the rationale from *Brohl* to this case, the TIA does not bar Save R Hood's claim for activity after the 2010 sale and redemption. Here, the tax-collection process ended after Save R Hood exercised its right of redemption. Critically, Save R Hood's claim concerning activity after the 2010 redemption survives because it does not seek to stop the collection of taxes, nor does the suit challenge the initial assessment and levying of taxes. Therefore, there is no jurisdictional bar to Save R Hood for their claim of unconstitutional activity after 2010.

The defendants also present three more arguments about why this court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine, governmental immunity, and standing. The court finds these arguments unpersuasive.

## B. Statute of Limitations

The defendants argue that Save R Hood's remaining claims fail under the statute of limitations. Section 1983 included no statute of limitations at the time of ratification. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). While the specific statute of limitations applicable to § 1983 comes from state law, the Fifth Circuit has held that federal law determines when a civil-rights action under § 1983 accrues. *Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011). In Texas, the statute of limitations for § 1983 claims is two years. *King-White,* 803 F.3d at 758. A statute of limitations bars plaintiff's claims when the plaintiff either knows or has sufficient information to know when it has suffered an injury. *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010). Importantly, "actual knowledge is not required if the circumstances would lead a reasonable person to investigate further." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). In other words, constructive notice is sufficient for an action to accrue.

Save R Hood admits it had constructive notice in June 2015 when Lot 11 was sold to 2013 Place, LLC. Dkt. 43 at 23. Because the applicable statute of limitations is two years, the statute of limitations would have run—at the latest—in June 2017. Additionally, anything included within that period,

such as the eventual demolition of the building Save R Hood mentions in its complaint, is an action related to the initial taking alleged, either in 2010 or in 2015. That, too, barred by limitations. Accordingly, the court dismisses Save R Hood's remaining claims with prejudice.

### C. Improperly Filed Complaint

Save R Hood has also filed a second amended complaint simultaneously with its response to Galveston County's motion to dismiss. Dkt. 44. The court dismisses the amended complaint. After the statutory deadline of "twenty-one days after a pleading to which a response is required," complaints may be amended "only with the opposing party's written consent or the court's leave." Dkt. 30; Fed. R. Civ. P. 15(a)(2). Save R Hood obtained neither here. Although courts should freely give leave to amend a complaint in the interest of justice, allowing amendment here does not serve that purpose. The second amended complaint fails to fix the defects of the first, and additional amendments would be futile, cause undue delay, and unfairly prejudice the defendants. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Thus, the court *sua sponte* strikes Save R Hood's second amended complaint.

\* \* \*

For the foregoing reasons, the court grants the defendants' motions and dismisses the plaintiffs' federal claims without prejudice. Dkts. 36, 37. The court declines to exercise supplemental jurisdiction over any alleged violations under the Texas Constitution and, thus, also dismisses those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3). Finally, the court strikes Save R Hood's second amended complaint, Dkt. 44, as improperly filed without leave of court.

As no claims remain against any defendants, the court will issue a final judgment separately.

Signed on Galveston Island this 28th day of June, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE